11-3914-ag
Gao v. Holder

BIA
A077 957 470

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of July, two thousand twelve.

PRESENT:
>       JOSEPH M. MCLAUGHLIN,
>       JOSÉ A. CABRANES,
>       BARRINGTON D. PARKER,
>           *Circuit Judges.*

_____

Hong Ping Gao,
>       *Petitioner,*

>       v.                                   11-3914-ag
>                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____


FOR PETITIONER:      Peter D. Lobel, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; John S. Hogan, Senior
                     Litigation Counsel; Laura M.L. Maroldy,
                     Trial Attorney, Office of Immigration
                     Litigation, Civil Division, United States
                     Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hong Ping Gao, a native and citizen of the People's Republic of China, seeks review of an August 31, 2011, order of the BIA denying her motion to reopen her removal proceedings. *In re Hong Ping Gao*, No. A077 957 470 (B.I.A. Aug. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Gao's motion to reopen as untimely as she filed it nearly seven years after her final order of removal. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Gao did not demonstrate changed conditions in this case.

We defer to the BIA's general conclusion that the ongoing persecution of Christians across China did not change significantly between 2002 and 2010. *See Shao v.*

2

*Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (BIA 2007) (explaining that an "incremental or incidental" change in a country's policies does not constitute changed country conditions for purposes of motions to reopen).

The BIA's decision noted that the repression of Christians in China varies by locality.  Gao contends that the BIA abused its discretion in failing to consider the letter she submitted from a friend who was arrested for being a Christian in Gao's hometown.  This argument is unavailing.

While the BIA did not expressly consider the letter, it was not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Shao*, 546 F.3d at 169 (quotation marks omitted).  Accordingly, we presume that the BIA considered the letter and gave it the appropriate weight.  *See Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting that this Court will "presume" that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  The letter did not establish *changed* conditions in Gao's hometown because there was no evidence about conditions in that

3

hometown at the time of her 2002 merits hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. at 253 ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *Moosa v. Holder*, 644 F.3d 380, 386–87 (7th Cir. 2011).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk